UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Joseph Mizzoni, | Case No.: 2:17-cv-01482-JAD-NJK |
| Plaintiff | |
| v. | **Order Denying Motions** |
| Romeo Aranas, et al., | [ECF Nos. 40, 43] |
| Defendants | |

    Pro se plaintiff and former Nevada state prisoner Joseph Mizzoni brought this civil-rights action against Nevada Department of Corrections (NDOC) administrators and doctors, claiming that the care he received for his Hepatitis C constituted deliberate indifference to his serious medical needs.[1] In the summer of 2019, I granted summary judgment in favor of the defendants,[2] and the Ninth Circuit affirmed that ruling on appeal in January 2021, concluding that "[t]he district court properly granted summary judgment because Mizzoni failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in treating Mizzoni's Hepatitis C."[3] Nothing else happened in this closed case for almost four years. But Mizzoni now moves to set aside the judgment, urging yet again that NDOC's refusal to treat his condition amounted to deliberate indifference in violation of the Eighth Amendment.[4] And he asks the court to enter a default judgment in his favor for $555 million.[5]

---

[1] ECF No. 3.
[2] ECF No. 34.
[3] ECF No. 38.
[4] ECF No. 40.
[5] ECF No. 40, 43.

When a case has been terminated by judgment, as this one has, motions for reconsideration are governed by Rule 60 of the Federal Rules of Civil Procedure, which allows the court to "relieve a party or its legal representative from a final judgment, order, or proceeding."[6] The rule offers only a few bases to set aside a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) an adverse party's fraud, misrepresentation, or other misconduct; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) a catch-all basis for relief based on "extraordinary circumstances."[7] Motions based on the first three categories must be filed within a year after the entry of the judgment.[8] Regardless of which subdivision of the rule applies, a motion for reconsideration "is not an avenue to re-litigate the same issues and arguments."[9] A party seeking reconsideration must present "facts or law of a strongly convincing nature" that provide a "valid reason" why reconsideration is appropriate.[10]

Mizzoni has not met any standard for reconsideration of this court's six-year-old judgment. At best, he merely reurges arguments that he raised or could have raised in these proceedings years ago. They were unpersuasive to this court and the Ninth Circuit at that time and remain so. To the extent that he claims he has new evidence in support of his claims,[11] Mizzoni's opportunity to raise that argument expired years ago.[12]

---

[6] Fed. R. Civ. P. 60(b).

[7] Fed. R. Civ. P. 60(b)(1), (6); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006).

[8] Fed. R. Civ. P. 60(c)(1).

[9] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[10] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

[11] *See* ECF No. 40 at 2.

[12] Fed. R. Civ. P. 60(c)(1).

1 **IT IS THEREFORE ORDERED** that Plaintiff Joseph Mizzoni's motions to set aside the judgment [ECF No. 40] and for a default judgment [ECF No. 43] are **DENIED.** No further documents may be filed in this closed case.

Dated: March 25, 2025

_____
U.S. District Judge Jennifer A. Dorsey